# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| LARRY E. EALY, | : | |
| Plaintiff, | : | Case No. 3:08CV0269 |
| vs. | : | District Judge Thomas M. Rose<br>Magistrate Judge Sharon L. Ovington |
| CITY OF VANDALIA PROSECUTOR CLAUDIA J. TURRELL, *et al.*, | :<br>: | |
| Defendants. | : | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff Larry E. Ealy, a resident of Trotwood, Ohio brings this case pro se under 42 U.S.C. §1983 against City of Vandalia Prosecutor, Claudia J. Turrell; the City of Vandalia; Deputy Sheriff J. Dull; and the Harrison Township Sheriff Department. Asserting claims under 42 U.S.C. §1983, Plaintiff's Complaint sets forth two counts: Count 1 – Illegal Stop Search and Seizure under the 4[th] Amendment; Count 2 – Prosecutorial Misconduct. (Doc. #2 at 3-5).

The Court previously granted Plaintiff's Application to Proceed *in forma pauperis* ("IFP") under 28 U.S.C. §1915. This case is now before the Court for a *sua sponte* review to determine whether Plaintiff's Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a named defendant who is immune from such relief. If the Complaint suffers from

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

one or more of these deficiencies, it must be dismissed under 28 U.S.C. §1915(e)(2)(B).

In enacting the original IFP statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992)(quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress authorized the United States District Courts to dismiss an IFP Complaint if they are satisfied that the action is frivolous or malicious. *Denton*, 504 U.S. at 31; *see* 28 U.S.C. §1915(e)(2)(B)(i).

Viewing the Complaint through lens of §1915(e)(2)(B)(i), the Court asks whether the Complaint raises a claim with a rational or arguable basis in fact or law; if not, it is frivolous or malicious and subject to dismissal. *See Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when, for example, the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or irrational or "wholly incredible." *Denton*, 504 U.S. at 32; *see Lawler,* 898 F.2d at 1199.

To determine whether a Complaint states a claim upon which relief may be granted, the Court accepts as true the Complaint's well-pled allegations and determines "whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief." *Eidson v. State of Tenn. Dept. Of Children's Serv.*, 510 F.3d 631, 634 (6th Cir. 2007). "[A] complaint must contain either direct or inferential allegations respecting all material elements to sustain recovery under some viable legal theory.... Conclusory allegations or legal

2

conclusions masquerading as factual allegations will not suffice." *Eidson*, 510 F.3d at 634 (citing in part *Bell Atlantic v. Twombly*, __ U.S.__, 127 S.Ct. 1955, 1965 (2007)).

Because Plaintiff seeks to raise claims under 42 U.S.C. §1983, he must allege facts showing that Defendants, while acting under the color of state law, deprived him of a right secured by the Constitution or laws of the United States. *See Phillips v. Roane County, Tenn.*, 534 F.3d 531, 538 (6th Cir. 2008); *see also Smith v. Williams-Ash*, 520 F.3d 596, 599 (6th Cir. 2008). Accepting Plaintiff's allegations as true and construing them liberally in his favor, his Complaint fails to state a claim against the Harrison Township Sheriff's Department and the City of Vandalia, because it does not allege facts or circumstances indicating that an official municipal or county policy or practice caused a violation of his constitutional rights. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988) ("But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist."); *see also Slusher v. Carson*, 540 F.3d 449, 456 (6th Cir. 2008); *Ford v. County of Grand Traverse*, 535 F.3d 483, 497 (6th Cir. 2008)("The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged."). In addition, the Harrison Township Sheriff's Department is not an entity capable of being sued under 42 U.S.C. §1983, and Plaintiff's claims against it therefore fail as a matter of law. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Hall v. City of Columbus*, 2 F.Supp.2d 995, 996 (S.D. Ohio 1998) (Marbley, D.J); *Williams v. Dayton Police Dept.*, 680 F.Supp. 1075, 1080 (S.D. Ohio 1987) (Rice, D.J.).

However, as to Plaintiff's allegations against the remaining Defendants, it cannot be concluded at this – the earliest – juncture of the case that Plaintiff's remaining claims are

3

frivolous or fail to state a claim upon which relief can be granted.

Accordingly, Plaintiff's claims against the City of Vandalia and the Harrison Township Sheriff's Department must be dismissed *sua sponte* under 28 U.S.C. §1915(e)(2)(B)(ii). Plaintiff's claims against Defendants City of Prosecutor Claudia J. Turrell and Deputy Sheriff J. Dull are not subject to *sua sponte* dismissal under 28 U.S.C. §1915(e)(2).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's claims against Defendant City of Vandalia and Defendant Harrison Township Sheriff Department be dismissed sua sponte under 28 U.S.C. §1915(e)(2)(B)(ii);

2. Plaintiff's remaining claims not be dismissed sua sponte;

3. The Clerk of Court be directed to effect service of summons and the Complaint upon Defendants City of Vandalia Prosecutor Claudia J. Turrell and Deputy Sheriff J. Hull as directed by Plaintiff – all costs of service to be advanced by the United States.

November 3, 2008

                s/ Sharon L. Ovington
                Sharon L. Ovington
              United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).