# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| LARRY E. EALY, | : | |
| Plaintiff, | : | Case No. 3:08cv00269 |
| vs. | : | Chief District Judge Susan J. Dlott |
| | | Magistrate Judge Sharon L. Ovington |
| CITY OF VANDALIA PROSECUTOR CLAUDIA J. TURRELL, *et al*., | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATIONS[1]

## I.   INTRODUCTION

Plaintiff Larry E. Ealy, a resident of Trotwood, Ohio brings this case pro se under 42 U.S.C. §1983.  Two Defendants remain in the case:  Claudia J. Turrell, City of Vandalia Prosecutor, and J. Dull, a Montgomery County, Ohio Deputy Sheriff.  Plaintiff claims that Defendants violated his rights under the United States Constitution, Defendant Turrell by engaging in prosecutorial misconduct and Defendant J. Dull by way of an illegal stop, search, and seizure.  (Doc. #2 at 3-5).

The case is before the Court upon Defendant Turrell's Motion to Dismiss (Doc. #10), Defendant J. Dull's Motion to Dismiss (Doc. #11), Plaintiff's Response in Opposition to both Motions to Dismiss (Doc. #13), Defendant Turrell's Reply (Doc. #s 16); Plaintiff's Motion for Leave to Amend Complaint (Doc. #14), Defendant Turrell's Memorandum in Opposition (Doc. #17), Plaintiff's Reply (Doc. #18), Defendant Turrell's

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Reply (Doc. #19), and the record as a whole.

## II. PLAINTIFF'S COMPLAINT

Plaintiff alleges that on the afternoon of February 17, 2006, he went to a friend's apartment to help him move a vehicle. Plaintiff secured his friend's vehicle with a tow truck and began towing it down Catalpa Avenue when Deputy Sheriff Dull pulled him over. Plaintiff states, "The stop was a pretext.... The Plaintiff with his signal on turned right on ... Hillcrest off ... Catalpa Ave. And headed South bound [sic]." (Doc. #2 at 3)(citations omitted). Plaintiff's Complaint raises no further allegation about the events that led to, or occurred during, the stop, although he was apparently issued one or more tickets because his next allegations concern the events on the day of his trial.

Plaintiff alleges that he appeared for trial on October 4, 2006. As he was sitting peacefully waiting for his trial to begin, Prosecutor Turrell and Deputy Sheriff Dull approached him. Plaintiff next alleges:

> [T]he prosecutor offered the Plaintiff a plea agreement to dismiss the expired license in exchange for the expired license plate the Plaintiff refused, at that point Defendant Turrell begin [sic] attempting and threatening the Plaintiff with filing a higher charge for failing to cooperate with the plea agreement.
> Defendant Turrell had Sheriff J. Dull to go to his cruiser and get his ticket book and rewrite a new ticket concerning the 2-17-06 stop.... Dull and Turrell threatened the Plaintiff with jail time since he refused to deal with them.
> Turrell and Dull took the old ticket of having a[n] expired license for less than 6 months and wrote the new ticket for having an expired license for more than six months while the Plaintiff sat in the Courtroom awaiting trial on the original ticket....

(Doc. #2 at 4)(citations omitted).

Plaintiff maintains, through his Complaint and his Response to Defendants' Motions to Dismiss, that Prosecutor Turrell and Deputy Sheriff Dull exceeded their "jurisdiction by rewriting a new ticket for the same offense to Plaintiff in which the

2

United States Supreme Court has ruled is ticket fixing with Exparte [sic] communication.... A Prosecutor enjoys absolute immunity as does a Judge.... but when they exceed all jurisdiction they become liable under 42 USCA 1983.... The issue of a ticket at trial at the order of the prosecutor has stripped her of her prosecutorial immunities." (Doc. #2 at 5) (citing in part *Burns v. Reed*, 500 U.S. 478, 111 S.Ct. 1934 (1991) (other citations omitted)).

Plaintiff seeks an award in excess of $550,000.00 "to compensate him for his legal expense[s] and emotional distress for the ongoing prosecution and ticket fixing and punitive damages for the defendants knowingly and recklessly disobeying the law." (Doc. #2 at 6).

### III. MOTIONS TO DISMISS

Both Defendants seek dismissal of Plaintiff's claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

To determine whether a Complaint states a claim upon which relief can be granted, the Court accepts the plaintiff's factual allegations as true and construes the Complaint in the light most favorable to the plaintiff. *Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir. 2009). "[T]o survive a motion to dismiss a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting in part *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 1965, 167 L.Ed.2d 929 (2007)).

To state a plausible, non-speculative claim, the Complaint need only set forth a short and plain statement of the claim showing that the plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a). This does not require detailed factual allegations, yet it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of

action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, __U.S. __, __ S.Ct.__, 2009 WL 1361536 at *12 (2009)(*Twombly* citations omitted); *see Eidson v. State of Tn. Dept. of Children's Svs.*, 510 F.3d 631, 634 (6th Cir. 2007) ("[A] complaint must contain either direct or inferential allegations respecting all material elements to sustain recovery under some viable legal theory.... Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.").

"In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, __U.S. at __, __ S.Ct. at __, 2009 WL 1361536 at *13.

**IV.    ANALYSIS**

Both Defendants Turrell and J. Dull point out that Plaintiff previously filed a Complaint against them in the Montgomery County, Ohio Court of Common Pleas. Defendant Turrell has attached to her Motion to Dismiss a copy of Plaintiff's previously filed Complaint and an Order granting Defendant Turrell's Motion to Dismiss. (Doc. #10, Exhibits A-C). Defendant J. Dull has filed a copy of an Entry and Order granting his Motion for Summary Judgment in Plaintiff's previously filed state case. (Doc. #11, Exh. D). Defendant Turrell also contends that the doctrine of absolute immunity shields her from Plaintiff's claims.

Plaintiff's Response does not directly address Defendants' res judicata arguments but instead focuses on Defendant Turrell's assertion of absolute immunity. (Doc. #13).

Accepting Plaintiff's factual allegations as true and construing his *pro se* Complaint liberally in his favor reveals the absence of a claim upon which relief could be

granted because res judicata bars his claims.  *See Amadasu v. The Christ Hospital*, 514 F.3d 504, 506-07 (6th Cir. 2008).  This conclusion is easily understood by first reviewing the same factual allegations and legal claims Plaintiff raised in his prior case.

In his prior Complaint, Plaintiff alleged that on February 17, 2006, he was towing a car for a friend when Defendant J. Dull stopped him on or near Catalpa Avenue.  (Doc. #10, Exh. A at 1).  Plaintiff claimed that the traffic stop and subsequent search violated his rights under the Fourth Amendment.  *Id*. at 2.  Plaintiff explained that Defendant J. Dull issued him a ticket for driving with a license expired less than six months.  His case went to trial on October 4, 2006.  Both prosecutor Turrell and J. Dull were present in the courtroom.  Before trial, Prosecutor Turrell told Plaintiff that if he did not plead guilty to the pending charges, the judge would have him "locked up."  *Id*.  According to Plaintiff, "Turrell stated that I was under suspension and would face jail time because her and officer Dull were now changing the ticket to driver [sic] more than 6 months on an expired license."  *Id*.  Plaintiff claimed that prosecutor Turrell's acts violated his federal constitutional rights and constituted malicious prosecution and "abuse of procedural powers...."  *Id*. at 3.

Res judicata bars Plaintiff's Complaint in the present case because (1) he raised the same factual allegations and legal claims against Defendants Turrell and J. Dull in the prior case he filed in the Montgomery County, Ohio Court of Common Pleas; (2) the trial judge in Plaintiff's prior case granted Defendant Turrell's Motion to Dismiss on the merits and dismissed with prejudice Plaintiff's claims against Defendant Turrell; (3) the trial judge in Plaintiff's prior case granted Defendant J. Dull's Motion for Summary Judgment, thus adjudicating Plaintiff's claims on the merits; and (4) the present case involves issues that were or could have been raised in Plaintiff's prior case filed in state court.  *See Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398-99 (1981); *see also Allen v. McCurry*, 449 U.S. 90, 103-05 (1980); *Amadasu v. The Christ Hosp.*, 514 F.3d 504, 506-07 (6th Cir. 2008).

Two final issues exist. First, Defendants have supported their respective Motions to Dismiss with certain documents including a copy of Plaintiff's prior-filed Complaint and the state trial judge's decisions granting Defendant Turrell's Motion to Dismiss and Defendant J. Dull's Motion for Summary Judgment. Although documents are not ordinarily considered when ruling on Rule 12(b)(6) Motion to Dismiss, consideration of them is warranted in the present circumstances because they are matters of public record and hence involve matters of which the Court may take judicial notice. *See Tellbas, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, ___, 127 S.Ct. 2499, 2509 (2007); *see also* Fed. R. Evid. 201(b). Additionally, the authenticity of those documents is not at issue. Consequently, no amount of discovery could alter the fact that Plaintiff filed a prior case unsuccessful case in state court concerning the same events at issue in the present case and raising the same claims against the same Defendants at issue in the present case.

Second, Plaintiff has also captioned his Response as a "Request to Amend" (Doc. #13), and he has filed a Motion for Leave to Amend. Plaintiff has not presented a proposed Amended Complaint and merely asks "the Court to allow him to amend his complaint where he has taken out the defects and requested more damages in his amended complaint." (Doc. #14).

"Pursuant to Fed. R. Civ. P. 15(a), a court should freely give leave to amend a complaint 'when justice so requires.' However, leave to amend may be denied where the amendment would be futile." *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003)(citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). Plaintiff's Request and Motion to Amend lack merit because he has not provided a proposed Amended Complaint in support of his Request or Motion and because he does not allege new facts or new claims against the Defendants. He instead raises numerous contentions in support of his assertion that absolute immunity does not bar his claims in this case. (Doc. #13). In addition, even if Plaintiff had alleged new facts and claims, res judicata precludes him from raising such matters in the present case, for the reasons

6

explained above. *See Amadasu*, 514 F.3d at 506-07.

Accordingly, Defendants' Motions to Dismiss are well taken and Plaintiff's Request to Amend and Motion to Amend lack merit.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendant Turrell's Motion to Dismiss (Doc. #10) be GRANTED;

2. Defendant J. Dull's Motion to Dismiss (Doc. #11) be GRANTED;

3. Plaintiff's Request to Amend and Motion to Amend (Doc. #s 13, 14) be DENIED;

4. Plaintiff's Complaint (Doc. #2) be DISMISSED with prejudice;

5. Plaintiff's Motion to Bifurcate (Doc. #8) be DENIED as moot; and

6. The case be terminated on the docket of this Court.


May 27, 2009

    s/ Sharon L. Ovington
Sharon L. Ovington
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).